STOULIG, Judge.
This is an appeal from two adverse judgments, one dismissing plaintiff’s suit against .the City of New Orleans and the other dismissing plaintiff’s suit against the State of Louisiana.
This court, ex mero mota, directed appellant to show cause why this appeal should not be dismissed for the lack of jurisdiction resulting from the failure to post timely the bond required by the order of appeal. Subsequently the motion was referred to the merits.
A review of the record confirms that the appeal by plaintiff against the City of New Orleans was perfected timely and is therefore maintained.
The appeal against the State of Louisiana; Raymond B. Oliver, state fire marshal of the State of Louisiana; and the Department of the State Fire Marshal is dismissed because it was not perfected timely. The bond was filed late. C.C.P. art. 2087 requires the appeal bond to be filed within the delay allowed for a devolutive appeal. As to the judgment dismissing plaintiff’s suit against the State and its agents, the critical dates are:
November 18, 1975 — Judgment maintaining the exception of no cause of action and dismissing this suit against the State, the fire marshal and his department was signed.
November 19, 1975 — Notice of judgment was mailed.
January 15, 1976 — Appeal filed.
*1111 March 1, 1976 — Last day for perfecting the appeal.
March 5, 1976 — Appeal bond was filed.
It is obvious the appeal bond was not filed within the delay for perfecting the appeal.
Nor can the appeal against the State be salvaged on the theory that timely filed bonds in many of the other 13 cases consolidated with this one for trial relieve this plaintiff from perfecting his appeal.[1] This case was consolidated for trial simply because the issue of liability is identical. These suits are not in the nature of a class action nor is there any community of interest. Each petition is separate and, presumably, the costs vary from case to case. There is no evidence in any record to indicate any surety has agreed to extend his or its guarantee to any principal other than the one designated in the bond. This court cannot validly enlarge the obligations of the surety.
For the reasons assigned in Dufrene v. Guarino et al., La.App., 343 So.2d 1097 (1976), the judgment in favor of the City of New Orleans maintaining its exception of no cause of action is affirmed.
For the reasons herein stated the appeal from the November 18, 1976 judgment in favor of the State of Louisiana; Raymond B. Oliver, state fire marshal of the State of Louisiana; and the Department of the State Fire Marshal is dismissed.

AFFIRMED AS TO THE CITY OF NEW ORLEANS; DISMISSED AS TO THE STATE OF LOUISIANA.

MORIAL, J., dissents for reasons assigned in No. 7957.

. Borne v. Bourg, 327 So.2d 607 (La.App. 4th Cir. 1976), indicates there must be a connexity between co-appellants before the court will permit the perfecting of an appeal by one to bring multiple appellants who have not complied with procedural rules of appeal before the court.