LEAR, Judge.
This is an appeal from adverse judgments rendered in favor of plaintiff-appellee, Pike Burden Printing, Inc., In Liquidation, and against Eldren P. Nalley and William R. Bell, defendants-appellants, and Ransome and Associates, Inc., third-party defendant-appellant.
By motion to dismiss, plaintiff-appellee challenges the right of defendants-appellants, Pike Burden, Inc., Eldren P. Nalley and William R. Bell to proceed by suspen-sive appeal, contending that the record reflects that defendants-appellants have failed to file the requisite bond. Finding merit in its motion, we dismiss the suspen-sive appeal, but maintain the devolutive appeal.
Judgment was signed by the lower court on June 25, 1980. On August 5, 1980, defendants-appellants obtained an order granting a suspensive appeal, provided legally acceptable security be furnished. No bond was ever filed by defendants-appellants. The third-party defendant-appellant, Ransome and Associates, Inc., obtained an order granting a suspensive appeal and timely filed a bond which stated in pertinent part:
“THEREFORE, the undersigned, who is domiciled in this parish, hereby finds (sic) himself as surety for Ransome and Associates, Inc. and in favor of H. M. Cannon, Clerk of Court for the Parish of East Baton Rouge, in the sum of $28,000.00 as security that Ransome and Associates, Inc. will prosecute its appeal, and satisfy from the proceeds of its property any judgment that may be rendered against it and should it fail to satisfy the judgment the undersigned, as surety, will be liable for the amount of the judgment.”
It is, therefore, unassailable that the only bond of record is solely in favor of Ransome and Associates, Inc., the third-party defendant-appellant. It is quite possible that the court could render judgment in its favor and adverse to either or all of the defendants-appellants. Defendants-appellants’ position is that the bond filed by Ransome and Associates makes it unnecessary to file an additional bond. In Borne v. Bourg, 327 So.2d 607 (La.App. 4th Cir., 1976), our brethren considered the same issue. The court said:
“We agree with that broad jurisprudential rule, but only when the required bond for suspensive appeal actually furnishes security for all appellants and, perhaps, when the required bond for devolu-tive appeal in fact affords security for all costs due by all appellants, i. e., when the appellee in either a suspensive or devolu-tive appeal is afforded the full required appeal security.
“[2] Here, the only security furnished is the bond filed by Schnell, Carbo and Rockwood Insurance. That bond binds its surety only for those three appellants; the bond does not mention Bourg. Thus, as to both the money judgment and costs, the appellee is without recourse against the surety insofar as Bourg is concerned. Under these circumstances, the rule relied on by Bourg has no application. Accordingly, we dismiss his appeal.”
This decision has been followed in Getchell v. Guarino, 343 So.2d 1109 (La.App. 4th Cir., 1977).
Accordingly, the motion to dismiss the suspensive appeal is granted.
SUSPENSIVE APPEAL DISMISSED:
DEVOLUTIVE APPEAL MAINTAINED.